Esther C. Rodriguez, Esq.
Nevada Bar No. 006473
Rodriguez Law Offices, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(P) 702-320-8400
(F) 702-320-8401
esther@rodriguezlaw.com

Local Counsel for Plaintiff and the Putative Class

Don J. Foty
Texas Bar No. 24050022
(*pro hac vice motion forthcoming*)
HODGES & FOTY, LLP
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116
dfoty@hftrialfirm.com

Attorney for Plaintiff and the Putative Class

Anthony J. Lazzaro
Ohio Bar No. 0077962
(*pro hac vice motion forthcoming*)
Alanna Klein Fischer
Ohio Bar No. 0090986
(*pro hac vice motion forthcoming*)
Lori M. Griffin
Ohio Bar No. 0085241
(*pro hac vice motion forthcoming*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
alanna@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff and the Putative Class

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD DE LEON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> DELACAN, LLC, <br><br> Defendant. | CASE NO: _____ <br><br> **PLAINTIFF'S ORIGINAL COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** <br><br> **Jury Demand Requested** |

## SUMMARY

1. The case implicates Defendant Delacan, LLC's ("Defendant") violations of the Fair Labor Standards Act ("FLSA") and Nevada law. Specifically, Defendant failed to pay Plaintiff and all similarly situated workers overtime wages when they worked more than 40 hours in a week, or eight hours in a day for their work in Nevada.

Page **1**
*Plaintiff's Original Complaint—Collective Action and Class Action*

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours worked over 40 hours in a workweek at the rate of time and one half their regular rate of pay. *See* 29 U.S.C. § 207. Plaintiff brings this case as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b).

3. Additionally, Plaintiff worked for Defendant in Nevada. Defendant's failure to pay Plaintiff time and one half for all hours worked over forty (40) not only violates the FLSA, but also violates the state laws of Nevada. Defendant's conduct also violates Nevada law in failing to pay Plaintiff time and one half for all hours worked over eight (8) in a workday. N.R.S. §§ 608.140, 608.018. Plaintiff brings his claims under Nevada law as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq.*

5. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive. Namely, the failure of Defendant to pay overtime due to a common pay practice of misclassifying the Plaintiff and proposed Class Members as exempt from overtime.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Edward De Leon is an individual residing in Nevada. His written consent to this action is attached hereto as Exhibit "A."

8. The FLSA Class Members are all current and former field technicians paid on a day rate basis without overtime during the three-year period before the filing of this Complaint to the present.

9. The Nevada Class Members are all current and former field technicians who worked for Defendant in Nevada for at least one week and were paid on a day rate basis without overtime during the three-year period before the filing of this Complaint to the present.

10. Defendant Delacan LLC is a foreign limited liability company doing business in Nevada. Defendant may be served with process by serving is registered agent – John Cankar, 312 S. Hale St., Wheaton, Illinois 60187.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

13. At all material times, Defendant has enjoyed yearly gross revenue in excess of $500,000.

14. At all material times, Plaintiff was an employee engaged in commerce or the production of goods for commerce.

15. At all material times, Plaintiff was an employee of Defendant with the meaning of N.R.S. § 608.010,

## FACTS

16. Defendant is a company that provides staffing services in the IT and telecommunications industries.  As its website states: "The WIVERSE team possesses extensive experience providing specialized staffing services and consulting to leading technology infrastructure companies." (https://www.wiverse.com/, last visited July 30, 2021).

17. To provide its services to its customers, Defendant hires and employs "Field Technicians" a/k/a "Field Techs" across the country including in Illinois, Nevada, Texas, Oklahoma, Louisiana, New York, New Mexico, Ohio, and Pennsylvania.

18. Field Technicians are the workers who travel to various cellular sites to replace and install equipment in cellular towers and at cellular sites.  The cellular sites are used to send digital signals to cell phones.

19. The Field Technicians perform maintenance and repair work at the cellular sites to ensure that cell sites can send a wireless signal for cell phones. Field Technicians work outdoors and perform manual labor tasks as part of their regular duties. They install wiring, install equipment, and physically connect equipment.

20. To do this work, Field Technicians use basic hand tools such as cable cutters, screwdrivers, ladders, pliers, wrenches, colored tape, cameras, and zip ties. Field Technicians are also required to wear safety equipment. This safety equipment includes a hard hat, safety shoes, safety glasses, and a first aid kit.

21. Field Technicians also take pictures of the work they perform and clean the worksite, including picking up any trash, boxes, and debris.

22. At times, the Field Technicians use a laptop to upload prewritten scripts and computer programs into the equipment that was installed. These programs generate a "pop-up" window indicating that the program was successfully loaded. The Field Technicians are provided these programs and scripts and simply upload them, which is akin to installing a computer driver when connecting a home computer to a home printer. Field Technicians do not write computer code, design computer networks, create computer hardware or software, and do not have any education or experience in computer programming.

23. Plaintiff worked for Defendant as a Field Technician from approximately October 2018 to October 2019. Plaintiff worked for Defendant in Nevada.

24. Plaintiff typically worked at least five days per week. He normally worked 8-10 hours per day, however, there were some days when he worked longer depending on the assignment. He did not receive overtime pay when he worked more than 8 hours in a day or 40 hours in a week. For example, he worked more than 8 hours in a day on June 12, 2019 without overtime pay. He worked more than 40 hours in a week From April 29, 2019 to May 4, 2019.

25. For his work, Plaintiff was paid on a day rate basis. He was paid $224 per day without overtime pay. Defendants paid Plaintiff this set day rate regardless of the number of hours he worked each day or each week. Defendants did not pay Plaintiff a minimum, guaranteed amount each week.

Page **4**
*Plaintiff's Original Complaint—Collective Action and Class Action*

26. Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

27. Plaintiff regularly worked over 40 hours each week. However, when he worked more than 40 hours in a week or 8 hours in a day, he was not paid any overtime wages for those hours worked in excess of 40 in a week or 8 in a day.

28. Like Plaintiff, Defendants pay their other Field Technicians nationwide on a day rate basis.

29. Like Plaintiff, the Class Members performed similar job duties and worked similar work schedules.

30. Like Plaintiff, the Class Members were paid on a day rate basis. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and more than 8 hours in a day and were not paid overtime for those hours worked in excess of 40 in a week or 8 hours in a day.

31. The Plaintiff and Class Members were not exempt from the overtime requirements of the FLSA.

32. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff and the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

33. Instead, Plaintiff and the Class Members were paid a day rate.

34. A day rate is distinct from a salary. A salary is a guaranteed, pre-determined amount each week that is not subject to variations based upon quantity or quality of work. *See* 29 C.F.R. § 541.602. Under 29 C.F.R. § 541.602, an employee is paid on a "salary basis" if the employee regularly receives on each pay period a predetermined amount constituting all or part of the employee's compensation. *Id*. That is, the employee receives the same amount each pay period regardless of the number of hours worked per day or the number of days worked per week. On the other hand, a worker paid on a day rate basis does not receive a predetermined amount each pay period. Instead, the amount paid is based upon the number of days actually worked during the pay period. The more days worked, the higher the pay

35. Similarly, a day rate is distinct from a fee basis. A fee basis is a set amount paid

based upon the accomplishment of a single task. *See* 29 C.F.R. § 541.605. 29 C.F.R. § 541.605 states that "[p]ayments based on the number of hours or **days worked** and not on the accomplishment of a given single task are not considered payment on a fee basis." *Id*. Given that the gross amount issued to an employee paid on a day rate basis is based upon the number of days worked, the payment of a day rate does not qualify as a fee basis.

36. Even if the Plaintiff and Class Members were paid a salary, they are still entitled to overtime pay because their primary job duty did not satisfy any exemption from overtime.

37. Plaintiff's and the Class Members' primary duty did not include the exercise of discretion or independent judgment with respect to matters of significance. Instead, Field Technicians followed thorough operating procedures and were not allowed to deviate from those procedures.

38. The work performed by Plaintiff and the Class Members did not require any particular computer skills. Employees who had not ever done the work of a Field Technician could learn the job in a short period of time through on the job training.

39. Plaintiff's and the Class Members' primary duty did not require a prolonged course of intellectualized study. Training was on the job training for a minimal period of time.

40. Plaintiff's and the Class Members did not regularly supervise two or more employees or have hiring/firing authority.

41. Plaintiff's and the Class Members' primary duty did not involve computer programming, computer systems analysis, network design, hardware design, or software design.

42. Plaintiff and the Class Members were manual laborers who performed routine inspection work. The administrative exemption does not apply to manual laborers like Plaintiff and the Class Members. *See* 29 C.R.R. § 541.3(a) (overtime exemptions do not apply to "'manual laborers' or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

43. Moreover, Plaintiff and the Class Members performed work that was "service" related, which is distinct from "administrative" work. They worked outdoors performing installation work using hand tools and wearing safety equipment.

44. Further, the Department of Labor has stated that the type of work performed by Plaintiff and the Class Members is not exempt work. The FLSA's regulations state as follows:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

45. Like Plaintiff, the Class Members were not paid overtime by Defendant.

46. Like Plaintiff, the Class Members were classified as exempt from overtime.

47. No exemption under the FLSA or Nevada law shelters Defendant from paying overtime to Plaintiff or the Class Members.

48. Defendant knew of the requirement to pay overtime and in fact, pays overtime to other employees. However, Defendant made the conscious choice to not pay overtime to the Plaintiff and Class Members, or showed reckless disregard for whether the Plaintiff and the Class Members were entitled to overtime pay. Under these facts, Defendant has committed a willful violation of the law.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS

### FAILURE TO PAY OVERTIME WAGES

### (COLLECTIVE ACTION)

49. Plaintiff incorporates the preceding paragraphs by reference.

50. This count arises from Defendants' violation of the FLSA in connection with their failure to pay overtime wages. *See* 29 U.S.C. § 207.

51. Plaintiff and the Class Members worked more than 40 hours in a week without overtime wages.

52. Defendants' failure to pay overtime wages to Plaintiff and the Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### COUNT II

#### FAILURE TO PAY OVERTIME WAGES

#### VIOLATION OF NRS § 608.140 & § 608.018

#### (CLASS ACTION)

53. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

54. NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

55. NRS § 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

56. NRS § 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

57. By failing to compensate Plaintiff and Nevada Class Members overtime wages when they worked more than 40 hours in a week or more than 8 hours in a day, Defendant has violated Nevada law.

58. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS § 608.140 and § 608.018 and, therefore, the three-year statute contained in NRS § 11.190(3) for statutory violations applies.

### COUNT III

### FAILURE TO TIMELY PAY ALL WAGES DUE AND OWING UPON TERMATION

### VIOLATION OF NRS § 608.140 & § 608.020-.050

### (CLASS ACTION)

59. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

60. NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

61. NRS § 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

62. NRS § 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

63. NRS § 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

64. By failing to pay Plaintiff and the Nevada Class Members their overtime wages in violation of state and federal law, Defendant has failed to timely remit all wages due and owing to Plaintiff and the Nevada Class Members.

65. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff and the Nevada Class Members all wages due and owing to them.

66. Plaintiff demands thirty (30) days wages under NRS § 608.140 and § 608.040, and an additional thirty (30) days wages under NRS § 608.140 and § 608.050, along with attorneys' fees, costs, and interest as provided by law.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former field technicians paid on a day rate basis without overtime during the three-year period before the filing of this Complaint to the present.

68. Plaintiff has actual knowledge, through conversations with his co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendant with respect to the failure to pay overtime wages and misclassification of the field technician workforce as exempt.

69. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

70. Like Plaintiff, the Class Members performed manual labor installation and repair work at cellular sites.

71. Like Plaintiff, the Class Members were paid on a day rate basis

72. Like Plaintiff, the Class Members worked more than 40 hours in a week

73. Like Plaintiff, the Class Members were not paid overtime wages.

74. Moreover, Plaintiff and the Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and were paid pursuant to the same company policy.

75. The names and address of the Class Members of the collective action are available from Defendant's records. To the extent required by law, notice will be provided to these

individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

76. Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

77. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former field technicians paid on a day rate basis without overtime during the three-year period before the filing of this Complaint to the present.**

## RULE 23 CLASS ACTION ALLEGATIONS

78. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

79. Plaintiff brings his wage claims arising under Nevada law as a Rule 23 class action on behalf of the following classes:

> **All current and former field technicians who worked for Defendant in Nevada for at least one week and were paid on a day rate basis without overtime during the three-year period before the filing of this Complaint to the present.**

80. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes the members of the class are so numerous that their individual joinder is impractical. However, the identity of the members of the class is readily discernible from Defendant's records. Defendant has the names, addresses, email addresses, telephone numbers, and payroll data for the Nevada Class Members.

81. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

82. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

      a. Whether Plaintiff and the Nevada Class Members worked hours in excess of forty (40) per work week;

      b. Whether Plaintiff and the Nevada Class Members worked in excess of eight (8) hours per day;

      c. Whether Plaintiff and the Nevada Class Members were exempt from overtime; and

      d. Whether Plaintiff and the Nevada Class Members were paid on a day rate basis or on a salary basis.

83. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

84. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Nevada law. Further, Plaintiff performed similarly duties as the Nevada Class Members, worked similar hours as the Nevada Class Members, and was paid under the same day rate compensation policy.

85. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

86. A class action under Nevada state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Nevada Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them; even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of

the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

87. The operative question in this case is whether the Plaintiff and Nevada Class Members were exempt from overtime pay. Evidence common to all Class Members will be determinative.

## JURY DEMAND

88. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

89. For these reasons, Plaintiff respectfully requests that judgment be entered in his favor awarding hi and the Class Members:

a.  Overtime wages owed under state and federal law;

b.  Liquidated damages;

c.  Reasonable attorney's fees, costs, and expenses of this action;

d.  Pre and post judgment interest; and

e.  Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

Dated August 3, 2021.

RESPECTFULLY SUBMITTED BY

By: /s/ *Esther C. Rodriguez*
Esther C. Rodriguez, Esq.
Nevada Bar No. 006473
Rodriguez Law Offices, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
(P) 702-320-8400
(F) 702-320-8401
esther@rodriguezlaw.com

And

Don J. Foty
Texas Bar No. 24050022
(*pro hac vice motion forthcoming*)
HODGES & FOTY, LLP
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone:  713-523-0001
Facsimile:  713-523-1116
dfoty@hftrialfirm.com

And

Anthony J. Lazzaro
Ohio Bar No. 0077962
Alanna Klein Fischer
Ohio Bar No. 0090986
Lori M. Griffin
Ohio Bar No. 0085241
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
alanna@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff and the Putative Class

# EXHIBIT A

**Plaintiff's Consent to Action**

# EXHIBIT A

## **CONSENT FORM**

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through the lawsuit filed against my employer.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

**Employer:**

Wiverse

Signature: *Ed De Leon*
Ed De Leon (Apr 10, 2021 13:34 PDT)

Date: Apr 10, 2021

Exhibit A